IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES S. FALLER, II, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    CV 121-152 |
| | ) |
| DAVID ESTES, Acting U.S. Attorney; and | ) |
| LORI MITCHELL, U.S. Probation Office;[1] | ) |
| | ) |
|     Respondents. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned petition pursuant to 28 U.S.C. § 2241. As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing any respondent to file a response to the instant petition. 28 U.S.C. § 2243. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** for lack of jurisdiction.

**I.    BACKGROUND**

Petitioner reports he is challenging a conviction obtained in the Western District of Kentucky, for which he is currently serving a term of supervised release in the Southern District of Georgia based on a transfer of jurisdiction. (Doc. no. 1, p. 1 (citing United States v. Fuller, 1:13-CR-00029, doc. no. 1 (W.D. Ky. Aug. 14, 2013) (hereinafter "CR 113-029");

_____

[1] The Court **DIRECTS** the **CLERK** to update the Respondents listed on the docket in accordance with the caption, which is consistent with the petition. (Doc. no. 1, p. 1.) The Court **FURTHER DIRECTS** the **CLERK** to serve a copy of this Recommendation on the Office of the United States Attorney for the Southern District of Georgia.

see also United States v. Faller, CR 119-078, doc. no. 1 (S.D. Ga. June 26, 2019)[2].)  On February 8, 2016, the trial court in the Western District of Kentucky sentenced Petitioner to thirty-six months of imprisonment and thirty-six months of supervised release. CR-113-029, doc. no. 357.  The Sixth Circuit Court of Appeals affirmed  Petitioner's conviction in an unpublished decision dated January 10, 2017.  (Doc. no. 2, p. 3; see also CR 113-029, doc. no. 392, Case Nos. 16-5168/5391.)

Petitioner did not file a motion to vacate under 28 U.S.C. § 2255, (doc. no. 1, pp. 3-4), but he has enlisted the help of United States Congressman Jody Hice to obtain documents from the IRS, which Petitioner maintains support the challenge to his conviction in the Western District of Kentucky.  (Doc. no. 1-1, p. 28; doc. no. 2, pp. 11-12.)  Petitioner also "filed a verified complaint in the United States District Court in Washington D.C. which included some of the acts committed against [him] listed" in the instant § 2241 petition.  (Doc. no. 1-1, p. 27 (citing Faller et al. v. U.S. Dep't of Justice, et al.., Civ. Act. No. 20-1597 (D.D.C. June 20, 2020).)  That case ended when United States District Judge Amy Berman Jackson granted the defendants' motions to dismiss and terminated the case.  Faller, Civ. Act. No. 20-1597, doc. nos. 23, 24 (D.D.C. Sept. 17, 2021).

The instant § 2241 petition was filed October 6, 2021.  (Doc. no. 1.)  Petitioner contends § 2255 "is an inadequate remedy as Petitioner is no longer serving a prison sentence, but is still confined in violation of Constitution and laws of the United States under supervised release." (Doc. no. 1, p. 4.)  Petitioner further maintains all of the previously rejected requests for relief were flawed, (doc. no. 2, pp. 23-24), and he has now uncovered new evidence he contends shows he is factually innocent of the charges for which he was convicted.  (See

---

[2]According to the Transfer of Jurisdiction, Petitioner's supervised release ends November 22, 2021.  CR 119-078, doc. no. 1, p. 1.

generally doc. no. 2.)  Petitioner also alleges he has been denied (1) "fundamentally fair due process," (2) attorney-client privilege, and (3) effective assistance of appellate counsel.  (See generally id.)  In addition, Petitioner argues the Kentucky conviction is "inextricably intertwined" with a conviction out of the Southern District of Florida, and thus the Court should consider the cases together.[3]  (See id. at 24.)

## II.  DISCUSSION

### A.  The Court Lacks Jurisdiction to Hear the Petition

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241.  However, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008).  Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention." 28 U.S.C. § 2255(e); McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081-82 (11th Cir.) (*en banc*), *cert denied sub nom*. McCarthan v. Collins, 138 S. Ct. 502 (U.S. 2017).  Petitioner bears the initial burden of establishing satisfaction of the savings clause, Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition.  McCarthan, 851 F.3d at 1099.

---

[3]Petitioner filed a separate habeas corpus petition designated as attacking his Florida conviction.  United States v. Estes, et al., CV 121-153 (S.D. Ga. Oct. 6, 2021).

In <u>McCarthan</u>, the Eleventh Circuit explained the savings clause analysis as follows:

> [W]e ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer that question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate [under § 2255]. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

<u>Id.</u>

Even where adverse circuit precedent may have previously rendered a petitioner's claim meritless, the §2255 remedy will not be considered inadequate or ineffective: "[w]hether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" <u>Id.</u> at 1085-86 (citation omitted). Neither the existence of new case law, newly discovered facts, nor an "incorrect" decision by the § 2255 court can satisfy the savings clause because "[i]f the savings clause guaranteed *multiple* opportunities to test a conviction or sentence, then the bar against second and successive motions under § 2255(h) would become a nullity.'" <u>Id.</u> at 1090 (citation omitted). The Eleventh Circuit has also explained, "A claim of actual innocence is not one of the rare [instances] for which a § 2255 motion is an inadequate or ineffective remedy." <u>Amodeo v. FCC Coleman - Low Warden</u>, 984 F.3d 992, 994 (11th Cir. 2021).

Furthermore, the procedural requirements of § 2255, including the prohibition against successive petitions, do not make the remedy inadequate. <u>Id.</u> at 998 ("A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy." (citing <u>McCarthan</u>, 851 F.3d at 1086)); <u>see also</u> <u>Harris v. Warden</u>, 801 F.3d 1321, 1324 (11th Cir. 2015) (*per curiam*) (concluding that regardless of whether a court of appeals will actually certify a successive § 2255 motion, § 2255 is adequate to test the

4

legality of a petitioner's sentence); Darby, 405 F.3d at 945.  In sum, McCarthan stands for the proposition that the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255.  851 F.3d at 1093.

Petitioner's case does not present the "limited circumstances" described in McCarthan warranting application of the savings clause.  Petitioner relies on his own interpretation of the evidence and his firm conviction that all prior court proceedings in multiple trial and appellate level federal courts in Florida, Kentucky, were unfairly stacked against him, resulting in allegedly fundamentally unfair proceedings which the Southern District of Georgia should now correct.  However, "the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion."  Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730 (11th Cir. 2017) (*per curiam*) (citing McCarthan at 1085-92), *cert. denied*, Bernard v. Jarvis, 138 S. Ct. 1164 (U.S. 2018).

Importantly, the savings clause guarantees only the ability to "test" a claim; it does not require the test be successful.

> "To test" the legality of his detention and satisfy the saving clause, a prisoner is not required "to win" his release.  "To test" means "to try."  To try a claim, a "petitioner [must have] an *opportunity* to bring his argument."  The opportunity to test or try a claim, however, neither guarantees any relief nor requires any particular probability of success; it guarantees access to a procedure.

McCarthan, 851 F.3d at 1086 (citations omitted).

Petitioner had access to adequate procedures to test his conviction in a § 2255 motion, but he chose not to do so.  Petitioner offers no valid explanation as to why his claims concerning the conduct of the trial, attorney-client privilege, or alleged ineffective assistance of appellate counsel could not have been raised in a timely-filed § 2255 motion.  Moreover, § 2255(f)(4) provides the one-year statute of limitations runs from the latest of the date which the facts supporting a claim could have been discovered through the exercise of due diligence.

5

Thus, there is no valid reason why claims based on "newly discovered evidence" could not have been tested via § 2255. Additionally, as explained above, Petitioner's actual innocence claim does not fit within the narrow confines of the savings clause. See Amodeo, 984 F.3d at 998, 1003.

That Petitioner has never successfully tested his conviction does not mean he may continue filing until he happens upon a court that may see things differently than prior courts which denied his challenges repeatedly. Moreover, his argument fails that § 2255 is an inadequate remedy simply because he is no longer in prison. See United States v. Yadigarov, 840 F. App'x 487, 490 (11th Cir. 2021) (*per curiam*) (finding petitioner was "in custody" and therefore could have filed § 2255 motion until term of supervised release ended (citing United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997)); see also Maleng v. Cook, 490 U.S. 488, 491 (1989) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus.") As Petitioner fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, and accordingly, the savings clause does not apply to his claim.

In sum, Petitioner's § 2241 petition constitutes an improper attempt to circumvent the requirements for filing a § 2255 motion. Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241. See McCarthan, 851 F.3d at 1092. This Court lacks jurisdiction to address the petition, and it should be dismissed. See Donaldson v. Warden, FCI Coleman Medium, 691 F. App'x 602, 603 (11th Cir. 2017) (*per curiam*) (holding district court without jurisdiction to consider § 2241 petition where petitioner did not meet savings clause requirements); Smith v. FCC Coleman - Medium Warden, 701 F.

App'x 929, 931 (11th Cir. 2017) (*per curiam*) (same); McDowell v. Warden, FCC Coleman-Medium, 694 F. App'x 692, 695 (11th Cir. 2017) (*per curiam*) (same)

### B. Pending Motions

Plaintiff also filed a motion for appointment of counsel to help him with these proceedings. Because the Court is without jurisdiction to hear the case, Petitioner's motion for appointment of counsel should be **DENIED**. (Doc. no. 3.)

Likewise, the motion to seal should be **DENIED**. (Doc. no. 4.) The motion was not filed in accordance with Local Rule 79.7, and because the Court cannot hear the case, the material Petitioner seeks to file under seal in support of his petition is not relevant to the Court's analysis. In accordance with Local Rule 79.7(c), if the District Judge adopts this recommendation, the materials submitted to the Clerk of Court with the motion shall be returned to Petitioner.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** the motions for appointment of counsel and to seal be **DENIED**, (doc. nos. 3, 4), and that petition be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 15th day of October, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA